IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC,**<br>    Plaintiff, | § § § § | |
| VS. | § § § | CIVIL ACTION NO.<br><br>__7:25-cv-00001__ |
| **LUIS C. GONZALEZ, TARRA GONZALEZ, AND UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT,**<br>    Defendants. | § § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

PennyMac Loan Services, LLC ("PennyMac") complains of Defendants, Luis C. Gonzalez, Tarra Gonzalez, and United States of America, on behalf of Secretary of Housing and Urban Development, stating as follows:

### I.     PARTIES & JURISDICTION

1. PennyMac is a Delaware limited liability company. PennyMac's main office and principal place of business are in the City of Westlake Village, County of Los Angeles, and State of California. Thus, for diversity purposes, PennyMac is considered a citizen of California.

2. Defendant, Luis C. Gonzalez, on information and belief, is a resident of Ector County, Texas, which is in the Western District of Texas, Midland-Odessa Division and on information and belief, resides at 1510 Patton Drive, Odessa, TX 79761 and may be served at that address.

3. Defendant, Tarra Gonzalez, on information and belief, is a resident of Ector County, Texas, which is in the Western District of Texas, Midland-Odessa Division and on

information and belief, resides at 1510 Patton Dr, Odessa, TX 79761 and may be served at that address.

4. Defendant, United States of America, on behalf of Secretary of Housing and Urban Development ("HUD"), can be served with process at 451 Seventh Street, SW, Washington, DC 20410.

5. This Complaint against HUD is required pursuant 28 U.S.C. §2410. Defendant HUD is named herein as a defendant because it claims an interest in the real property that is at issue herein under the terms of those certain Texas Deeds of Trust filed in the Ector County Real Property Records on June 23, 2022, as Instrument Number: 2022-00013366; on December 18, 2023, as Instrument Number: 2023-00021111; and on May 22, 2024, as Instrument Number: 2024-00008848, copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 6**. Plaintiff is not seeking monetary relief from this Defendant. HUD does business in Texas and may be served at the Office of Litigation, U.S. Department of HUD, 451 7th Street, SW, Room 10258, Washington, D.C. 20410.

6. By this suit, PennyMac seeks foreclosure of that certain real property located in Ector County, Texas. The 2024 Ector County Central Appraisal District's appraised value of the said real property is $192,812.00.

7. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees. PennyMac, the Plaintiff herein is not a citizen of Texas. Defendants, and each of them are citizens of Texas or alternatively are not citizens of California, such that complete diversity exists among Plaintiff and all Defendants. Thus, jurisdiction is founded upon 28 U.S.C. § 1332.

8. Jurisdiction also lies with this Court since the United States Government, through

the Secretary of Housing and Urban Development, is a Defendant in this matter.

9.      Venue is proper in the Western District of Texas, Midland-Odessa Division under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II.    BREACH OF CONTRACT

10.     On February 16, 2018, Defendant, Luis C. Gonzalez, made, executed and delivered to Mortgage Solutions of Colorado, LLC a certain Promissory Note ("Note"), in writing, whereby Defendant, Luis C. Gonzalez, in exchange for an extension of credit and/or funds advanced, promised to pay Mortgage Solutions of Colorado, LLC or order, $147,184.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**. Thereafter, Mortgage Solutions of Colorado, LLC indorsed the Note and the same was assigned to PennyMac.

11.     On February 16, 2018, Luis C. Gonzalez and Tarra Gonzalez, Husband and Wife, and each of them, executed a certain Deed of Trust ("Security Instrument"), to secure the Note with certain real property, to wit:

> BEING ALL OF LOT SIX (6), BLOCK NINE (9), CRESCENT PARK, AN ADDITION TO THE CITY OF ODESSA, ECTOR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT OF RECORD IN VOLUME 3, PAGE 78, PLAT RECORDS, ECTOR COUNTY, TEXAS.

Said real property having a reported mailing address of 1510 Patton Dr, Odessa, TX 79761 ("Property"). By executing the Security Instrument, Luis Gonzalez and Tarra Gonzalez, and each of them, granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 2**. PennyMac is the record assignee of the Security Instrument under a certain

Corporate Assignment of Deed of Trust (collectively "Assignments"). True and correct copies of the Assignments are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

12. The obligation evidenced by the Note and Security Instrument is also hereinafter referred to as the "Loan."

13. The Loan was modified by virtue of a Home Affordable Modification Agreement filed in the Ector County Real Property Records on May 05, 2020, as Instrument Number: 2020-7861. A true and correct copy of the Modification Agreement is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**.

14. The Loan was further modified by virtue of a Loan Modification Agreement filed in the Ector County Real Property Records on May 16, 2024, as Instrument Number: 2024-00008450. A true and correct copy of the Loan Modification Agreement is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5**.

15. Luis Gonzalez and Tarra Gonzalez, and each of them, to PennyMac's detriment, have failed and refused to pay amounts that have come due under the Loan, although repeated demands for payment have been made. PennyMac caused to be provided to Luis Gonzalez and Tarra Gonzalez, and each of them, proper notices of the default described herein and its intent to accelerate the indebtedness ("Notices of Default"), true and correct copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 7**. Each occurrence of non-performance by Luis Gonzalez and Tarra Gonzalez under the Loan as herein described is a breach thereunder.

16. Each of Luis Gonzalez and Tarra Gonzalez's continued breach under the Loan has directly and proximately caused damages to PennyMac in that amounts due to PennyMac remain unpaid, and in that PennyMac is incurring fees and expenses to enforce its rights under the Loan

and to protect its security interest in the Property.

17. Luis Gonzalez and Tarra Gonzalez have not cured the default described in the Notices of Default. Consequently, PennyMac has, and/or does hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. PennyMac's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $150,568.74 as of December 3, 2024.

18. For consideration, Luis Gonzalez and Tarra Gonzalez, and each of them, promised to repay the Loan in installments. Luis Gonzalez and Tarra Gonzalez, and each of them, breached such promise to the detriment of PennyMac. Thus, and in accordance with Texas Rule of Civil Procedure 735, PennyMac is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and judicial foreclosure upon the lien against the Property securing such amount.

### III.   CONDITIONS PRECEDENT

19. By virtue of filing this Complaint, PennyMac hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

20. All conditions precedent to the relief requested herein by PennyMac have been performed or have occurred.

### IV.   ATTORNEYS' FEES

21. The Loan provides that in the event of foreclosure, and insofar as allowed by Texas Rule of Civil Procedure 735, PennyMac may be awarded all expense incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances

made necessary or advisable or sustained by PennyMac because of the default or in order to protect its security interest. PennyMac has retained Marinosci Law Group, P.C., and agreed to pay it reasonable attorneys' fees and costs incurred relative to this proceeding and to protect PennyMac's security interest in the Loan.

## PRAYER

WHEREFORE, PennyMac Loan Services, LLC prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to PennyMac for the Gonzalezs' breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of PennyMac, and for all other relief Court deems appropriate.

DATE: January 1, 2025.

Respectfully submitted,
MARINOSCI LAW GROUP, P.C.

*/s/ Sammy Hooda*
Sammy Hooda / State Bar No. 24064032
16415 Addison Road, Suite 725
Addison, Texas 75001
Phone: 401.234.9200 x 3002
Fax: 972.331.5240
Email: shooda@mlg-defaultlaw.com
**ATTORNEYS FOR PLAINTIFF**
**PENNYMAC LOAN SERVICES, LLC**